IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID VELAZQUEZ-DIAZ                                                                               PLAINTIFF

V.                                     CASE NO. 5:24-CV-5212

RACHEL YOUNG, Karas Correctional Health (KCH);
DR. ROBERT KARAS, KCH; KELLEY HINELY, KCH;
DUSTIN SANDERS, KCH; JORDAN PROVENAS, KCH;
JACOB SMOTHERS, KCH; JOHN AND JANE DOE
EMPLOYEES OF KCH; and SHERIFF JAY CANTRELL,
Washington County, Arkansas                                                                     DEFENDANTS

ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 44) filed on November 18, 2025, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. She recommends that Separate Defendant Sheriff Jay Cantrell's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 20) be granted. On December 5, 2025, Plaintiff David Velazquez-Diaz filed an Objection to the R&R (Doc. 45), which triggered this Court's *de novo* review of the record.

Mr. Velazquez-Diaz alleges in his Second Amended Complaint (Doc. 8) that six employees of Karas Correctional Health ("KCH")—a third-party contractor that provides medical care to inmates at the Washington County Detention Center ("WCDC")—were deliberately indifferent to his medical needs. Separately, he alleges that Defendant Cantrell, in his capacity as administrator of the WCDC, failed to adequately supervise or train jail staff to assure that inmates were receiving adequate medical care and to supervise KCH employees to assure they were providing adequate care. Mr.

Velazquez-Diaz does not allege that Defendant Cantrell personally committed medical neglect. Further, it is undisputed that Mr. Velazquez-Diaz filed several grievances about his medical care through the jail kiosk system, but none of those grievances identified Defendant Cantrell or detention officers by name. Because the WCDC's grievance process expressly requires an inmate submitting a grievance to "state fully the . . . names of those Detention Officers and/or staff members involved and pertinent details of the incident," see Doc. 22-4, p. 2, and Mr. Velazquez-Diaz failed to do this with respect to Defendant Cantrell, Judge Comstock believes the claims against Defendant Cantrell are subject to dismissal under the Prison Litigation Reform Act for failure to exhaust administrative remedies prior to filing suit.

Mr. Velazquez-Diaz argues in his Objection that Defendant Cantrell, as administrator of the WCDC, "should be responsible for any neglect suffered by the inmates—regardless of . . . his knowledge or [whether he] was not named in any of the grievances or appeals." (Doc. 45, p. 2). In Mr. Velazquez-Diaz's view, he has exhausted his remedies with respect to his claims against Defendant Cantrell by filing and appealing medical grievances—which should have been enough to put Defendant Cantrell on notice of his failure to train or supervise the medical personnel.

In general, "[c]ontracting out prison medical care does not relieve the [county] of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the [county]'s prisoners of the means to vindicate their Eighth Amendment rights." West v. Atkins, 487 U.S. 42, 56 (1988). However, when a detention center's grievance policy requires an inmate to name each individual involved in the incident being complained of, then that requirement controls for purposes of exhaustion

under the PLRA. *See Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). Here, there is no dispute that Mr. Velazquez-Diaz failed to identify Defendant Cantrell or any WCDC jailer by name in any grievance and accuse them of failing to take corrective action with respect to his medical care. A general grievance about the quality of care or disagreement with a treatment decision is not the same thing as identifying a jailer or jail administrator *by name* for failing to train or supervise a medical professional. The Objection to the R&R is **OVERRULED**.

**IT IS THEREFORE ORDERED** that the R&R (Doc. 44) is **ADOPTED IN ITS ENTIRETY**. Defendant Sheriff Jay Cantrell's Motion for Summary Judgment (Doc. 20) is **GRANTED**, and Plaintiff's claims against him are **DISMISSED WITHOUT PREJUDICE**.

This case remains referred to the Magistrate Judge.

**IT IS SO ORDERED** on this **18th** day of December, 2025.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE